UNITED STATES COURT OF APPEAL

FOR THE NINTH CIRCUIT

No. 13-60000

_____

In re: ROBERT HARRIS,

Debtor,

_____

ROBERT HARRIS,

*Plaintiff/Debtor/Appellant,*

vs.

BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR
BY MERGER TO LASALLE BANK N.A. AS TRUSTEE FOR WMALT
2007-0A5, ITS SUCCESSORS AND/OR ASSIGNS, CALIFORNIA
RECONVEYANCY COMPANY, JPMORGAN CHASE BANK, N.A.,

*Defendant/Creditors/Appellees.*

_____

**APPELLEES' OPENING BRIEF**
_____

Appeal from Judgment of the United States Bankruptcy Appellate Panel of
the Ninth Circuit on Appeal from the United States Bankruptcy Court for
California Central - Los Angeles, BAP No: CC-11-1600-DHKi, Bankr. No.:
LA 10-15804 SB, Adv. No.: 10-01238 SB on F.R.C.P. 12(b)(6) Motion

_____

THEODORE E. BACON (CA Bar No. 115395)
tbacon@AlvaradoSmith.com
T. MATTHEW HANSEN (CA Bar No. 231057)
mhansen@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
633 W. Fifth Street, Suite 1100
Los Angeles, CA 90071
Tel: (213) 229-2400; Fax (213) 229-2499
Attorneys for Appellees

## CORPORATE DISCLOSURE STATEMENT
### (F.R.A.P. 26.1)

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendants Appellees JPMorgan Chase Bank, N.A., as Successor by Merger to LaSalle Bank, N.A. as Trustee for WMALT 2007-0A5, and California Reconveyance Company submit the following disclosure statement:

BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK N.A. AS TRUSTEE FOR WMALT 2007-0A5 states that it is not a corporation, but is a national association. Bank of America, N.A. is a publicly traded company.

JPMORGAN CHASE BANK, N.A. states that it is not a corporation, but is a national association. JPMorgan Chase Bank, N.A. is a wholly owned subsidiary of JPMorgan Chase & Co., a publicly traded company.

CALIFORNIA RECONVEYANCE COMPANY is a California corporation, and is a wholly owned subsidiary of JPMorgan Chase Bank, N.A.

# TABLE OF CONTENTS

Page

I.    STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............... 1
II.   STATEMENT OF THE CASE ......................................................... 1

    A.    Nature of Case ................................................................... 1

    B.    Course of Proceedings and Disposition Below ................................ 2

III.  STATEMENT OF RELEVANT FACTS ..................................... 7
IV.   STATEMENT OF THE STANDARD OF REVIEW ............................... 8
V.    SUMMARY OF ARGUMENT ................................................ 10
VI.   ARGUMENT ...................................................................... 12

    A.    The Bankruptcy Court Granted Appellant Wide Latitude
       Before Dismissing the TAAC Without Leave to Amend ............... 12

    B.    The TAAC Is Vague and Uncertain ................................................ 13

    C.    Because Appellant Never Pled an Ability to Tender, the
       Bankruptcy Court Properly Dismissed the Two Claims for
       Wrongful Foreclosure and to Set Aside the Trustee's Sale ............ 15

       1.   The Bankruptcy Court Correctly Recognized that
          Appellant's Claim for Wrongful Foreclosure or to Set
          Aside a Trustee's Sale Lacked Essential Pleading ................ 15

       2.   The Bankruptcy Court Correctly Ruled that
          Appellant's Second and Third Claims Independently
          Fail for Insufficiency of Pleading Under Twombly ............. 17

    D.    Appellant's Fraud Claim Is Facially Insufficient. ........................... 19

VII.  CONCLUSION ........................................................................ 22

# <u>TABLE OF AUTHORITIES</u>

Page(s)

**Federal Cases**

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937, 1949 (2009) ........................................................17

*Balisteri v. Pacifica Police Department*,
   901 F.3d 696, 699 (9th Cir. 1990)....................................................8

*Bell Atlantic Corp. v. Twombly*,
   127 S.Ct. 1955, 1959 (2007) .............................................. 8, 9, 17

*Boag v. MacDougall*,
   454 U.S. 364, 365 (1982) ..............................................................12

*Cholla Ready Mix, Inc. v. Civish*,
   382 F.3d 969, 973 (9th Cir. 2004).....................................................8

*Conley v. Gibson*,
   355 U.S. 41, 45-46 (1957)...........................................................9, 13

*Eldridge v. Block*,
   832 F.2d 1132, 1137 (9th Cir.1987) ................................................9

*Homedics, Inc. v. Valley Forge Ins. Co.*,
   315 F. 3d 1135, 1138 (9th Cir. 2003) ............................................11

*Ileto v. Glock, Inc.*,
   349 F.3d 1191, 1200 (9th Cir .2003) ..............................................10

*In Re GlenFed Inc. Securities Litigation*,
   42 F.3d 1541, 1547 (en banc) (9th Cir. 1994) ....................... 20, 21

*Lopez v. Smith*,
   203 F.3d 1122, 1126 (9th Cir. 2000) ..............................................10

*Nevijel v. North Coast Life Ins. Co.*,
   651 F.2d 671, 674 (1981)................................................................13

*Ortez v. Washington County, State of Or.*,
   88 F.3d 804, 807 (9th Cir.1996).......................................................9

*Pantoja v. Countrywide Home Loans Inc.*,
   640 F.Supp.2d 1177, 1183-1185 (N.D. Cal. 2009)........................15

*Parrino v. FHP, Inc.*,
   146 F.3d 699, 705-706 (9th Cir.1988) ............................................10

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530, 534 (9th Cir.1984)................................................9, 13

i

*Stoner v. Santa Clara County Office of Educ.*,
   502 F.3d 1116, 1120 (9th Cir. 2007) ............................................................8

*Thompson v. Davis*,
   295 F.3d 890, 895 (9th Cir.2002)..................................................................9

*Van Buskirk v. Cable News Network, Inc.*,
   284 F.3d 977, 980 (9th Cir. 2002)...............................................................11

*Vega v. JPMorgan Chase Bank, N.A.*,
   654 F.Supp.2d 1104, 1112 (E.D. Cal. 2009)................................................15

*Williams ex rel. Tabiu v. Gerber Products Co.*,
   523 F.3d 934, 938 (9th Cir.2008)..................................................................9

**State Cases**
*Accord Abdallah v. United Savings Bank*,
   43 Cal.App.4th 1101, 1109 (1996) ..............................................................15

*Ach v. Finkelstein*,
   264 Cal.App.2d 667, 674 (1968)..................................................................20

*Arnolds Management Corporation v. Eischen*,
   158 Cal.App.3d 575, 578-579 (1984) ..........................................................16

*Brown v. Busch*,
   313 P.2d 19, 21 (Cal. Ct. App. 1957) ..........................................................18

*Melendrez v. D & I Investment, Inc.*,
   26 Cal.Rptr.3d 413 (Ct. App. 2005)..............................................................19

*Moeller v. Lien*,
   30 Cal. Rptr. 2d 777, 783 (1994) .................................................................19

*Stansfield v. Starkey*,
   220 Cal.App.3d 59, 73 (1990)......................................................................20

*United States Cold Storage v. Great Western Savings & Loan Association*,
   165 Cal.App.3d 1214 (1985).........................................................................15

**Federal Statutes**
Fed. R. Civ. P. 8(a)(2)..................................................................................17

Fed.Rule Civ.Pr. 9 .......................................................................................20

Federal Rule of Civil Procedure 12(b)(6)................................................. 8, 9, 10

**State Statutes**
California *Civil Code* § 2924 .................................................................. 18, 19

ii

**Other Authorities**

5 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997). .........20

Miller & Starr, Calif. Real Estate 4th ed. "Deeds of Trust", § 10:212, pg. 653-654 ...................................................................................................................15

## I.     STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.     Whether the Bankruptcy Appellate Panel of the Ninth Circuit (the "BAP") erred in affirming the dismissal of the Appellant Robert Harris's ("Appellant" or "Mr. Harris") adversarial proceeding.

2.     Whether the BAP erred in affirming the dismissal of the Third Amended Adversarial Complaint ("TAAC") without leave to amend where Appellant failed to plead the requisite elements of each claim asserted against Appellees despite three opportunities to amend his initial pleading.

## II.     STATEMENT OF THE CASE

### A.     Nature of Case

Appellant appeals the dismissal with prejudice of the TAAC against appellees Bank of America, National Association, as successor by merger to LaSalle Bank N.A. as trustee for WMALT 2007-0A5, its successors and/or assigns ("BofA"); California Reconveyance Company ("CRC"); and JPMorgan Chase Bank, National Association ("Chase") (collectively "Appellees").

Appellant asks this Court to find that the BAP made reversible error in affirming the judgment of the Bankruptcy Court that dismissed these claims after Appellant had no less than three previous opportunities to plead viable causes of action, but still did not do so. However, none of the arguments in Appellant's brief supports a conclusion that the BAP erred in affirming the

1

lower court's decision: the facts alleged in the TAAC, as both the BAP and Bankruptcy Court correctly determined, fail to plead any cognizable claim against Appellees, and Appellant has not provided any substantive support for his assertion that he can amend his claims after three previous attempts to do so.

Appellant further argues that the BAP erred in not finding that the Bankruptcy Court should have given him greater leeway in amending his complaint a fourth time since he is in pro per. However, a pro per litigant is held to the same standard of pleading as a represented party. As both the Bankruptcy Court and the BAP pointed out, Appellant was already given three previous opportunities to amend, failed to so improve on his deficient pleading, and could not provide any new facts that would support further amendment of his claims. Accordingly, the BAP did not err in affirming the Bankruptcy Court's decision to dismiss.

### B. <u>Course of Proceedings and Disposition Below</u>

On February 23, 2010, Appellant filed the first version of his Adversary Complaint against Appellees. Docket No. 1 (Case No. 2:10-01238-BB). On July 2, 2010, the Bankruptcy Court dismissed the Adversary Complaint for Appellant's failure to prosecute. Docket No. 4 (Case No. 2:10-01238-BB). On July 12, 2010, Appellant filed a Motion to Vacate the

Dismissal of the Adversary Complaint Docket No. 7 (Case No. 2:10-01238-BB).

Without waiting for the Bankruptcy Court to decide the pending motion to vacate the dismissal and reinstate his case, Appellant filed his First Amended Adversary Complaint ("FAAC") on July 22, 2010. Docket No. 8 (Case No. 2:10-01238-BB). On August 12, 2010, the Bankruptcy Court granted Appellant's Motion to Vacate the Dismissal of the Adversary Complaint. Docket No. 11 (Case No. 2:10-01238-BB). On September 3, 2010, Appellees filed their Motion to Dismiss the FAAC. Docket No. 18 (Case No. 2:10-01238-BB). On October 7, 2010, Appellant failed to file an opposition to the motion, and instead filed what he entitled "Reply Re: Non-Opposition to the Motion to Dismiss the FAAC." Docket No. 21 (Case No. 2:10-01238-BB). Three days later, Appellant filed an untimely Opposition to the Motion to Dismiss. Docket No. 24 (Case No. 2:10-01238-BB). On October 22, 2010, at the regularly noticed hearing, the Bankruptcy Court denied in part (as to the first claim for wrongful foreclosure and eighth claim for avoidance of foreclosure) and granted in part (as to the second claim for violation of the Truth in Lending Act, third claim for fraud, fourth claim for conversion, fifth claim for intentional infliction of emotional distress, sixth claim for accounting, seventh claim for negligent infliction of emotional

3

distress, and ninth claim for quiet title) the Motion to Dismiss the FAAC. Docket No. 25 (Case No. 2:10-01238-BB). The order memorializing the court's rulings was entered on October 29, 2010. Docket No. 26 (Case No. 2:10-01238-BB).

On November 19, 2010, Appellant filed his Second Amended Adversary Complaint ("SAAC"). Docket No. 27 (Case No. 2:10-01238-BB). On December 20, 2010, Appellees filed their Motion to Dismiss the SAAC. Docket No. 28 (Case No. 2:10-01238-BB). On January 10, 2011, Appellant filed his Opposition to the Motion to Dismiss. Docket No. 29 (Case No. 2:10-01238-BB). On February 16, 2011, the Bankruptcy Court granted the Motion to Dismiss the SAAC with leave to file the TAAC as to the first, second and third claims for relief, and without leave to amend as to the fourth and fifth claims for relief.[1] Docket No. 30 (Case No. 2:10-01238-BB).

On March 11, 2011, Appellant filed his TAAC, which contained three claims, for bank fraud, wrongful and illegal foreclosure, and for a "court order to vacate, void and set aside the trustee's deed upon sale dated 10-31-

---

[1] The claims on which the Bankruptcy Court gave leave to amend were those for wrongful foreclosure, banking fraud, and set aside of the trustee's deed upon sale dated October 31, 2009. Docket No. 30.

4

2009." Docket No. 31 (Case No. 2:10-01238-BB). On May 3, 2011, Appellees filed their Motion to Dismiss the TAAC. Docket No. 32 (Case No. 2:10-01238-BB). On August 12, 2011, Appellant filed his opposition to the motion. Docket No. 35 (Case No. 2:10-01238-BB). On August 24, 2011, the Bankruptcy Court ruled in favor of the Appellees and dismissed the entire matter. Docket No. 37 (Case No. 2:10-01238-BB). On August 29, 2011, at a regularly scheduled hearing, the Bankruptcy Court affirmed its ruling in favor of the Appellees and dismissed the TAAC. Docket No. 39 (Case No. 2:10-01238-BB).

On September 6, 2011, Appellant filed a Motion to Reconsider the Court's prior ruling of August 23, 2011 ("Motion to Reconsider"), which the Bankruptcy Court denied on October 7, 2011. Docket Nos. 41 and 42 (Case No. 2:10-01238-BB). Thus, by the time of decision on the motion, Appellant had had the allegations of his claims thoroughly reviewed for sufficiency by the trial court. He had also been given more than the usual opportunities to plead viable causes of action and, despite those opportunities, failed to do so.

On October 25, 2011, Appellant filed his Notice of Appeal to the BAP. Docket No. 43 (Case No. 2:10-01238-BB). On December 7, 2011, Appellant filed what he labeled a "Notice of Dismissal of the Entire Action"

5

("Notice of Dismissal") on behalf of "Defendant/Creditor," the adverse party, which was executed by the Bankruptcy Court. Docket No. 46 (Case No. 2:10-01238-BB).

On April 2, 2012, Appellant submitted his opening brief to the BAP. Docket No. 23 (Case No. 11-1600).

Appellees submitted their opening brief to the BAP on June 19, 2012. Docket No. 38 (Case No. 11-1600).

On November 29, 2012, the BAP affirmed the Bankruptcy Court's decision finding that Appellant had not: (1) pled sufficient facts to support his fraud claim such as the who, what, when and where of the alleged fraud, (2) pled any specific failure by Appellees to satisfy the notice requirements of California foreclosure procedures in any of the iterations of the complaints, and (3) alleged that he could tender. Docket Nos. 46-49 (Case No. 11-1600).

On December 28, 2012, Appellant filed his notice of appeal to the Ninth Circuit. Docket No. 53 (Case No. 11-1600).

On July 9, 2013, Appellant filed his opening brief to the Ninth Circuit. Docket No. 9 (Case No. 13-60000).

6

## III.    STATEMENT OF RELEVANT FACTS[2]

The TAAC alleges that, on or around February 13, 2007, Appellant executed a deed of trust on the real property located at 635 Santa Clara Ave., Venice, California 90295 ("Subject Property") to secure repayment of a loan (the "Loan") in the amount of $874,000.00]. Appellant's Original Excerpts of Record on Appeal ("ROA"), p. 1027, TAAC, ¶ 5, Docket No. 31 (Case No. 2:10-01238-BB).   In the TAAC, Appellant tacitly admits that he defaulted on the Loan by failing to make all payments as required. In challenging only the manner in which Appellees gave notice of the Trustee's Sale, he also tacitly admits that Appellees have the right to proceed with foreclosure of the Subject Property upon such default.  ROA, pp. 1027-1028; TAAC, ¶¶ 7-8; Docket No. 31 (Case No. 2:10-01238-BB). Appellant concedes that a Notice of Default was recorded June 1, 2009, which he acknowledges was published and posted.  ROA, pp. 1027; TAAC, ¶ 7; Docket No. 31 (Case No. 2:10-01238-BB).

Despite these admissions, Appellant asserts that he was not notified through a Notice of Trustee's Sale of Appellees' intent to sell the Subject

---

[2] Because this matter comes before the Court from an order of dismissal on the pleadings, Appellees repeat the allegations of the TAAC for the purpose of review under the appropriate standard requiring treatment of all allegations as true, but expressly do not admit any of the allegations made.

7

Property.  ROA, p. 1028; TAAC, ¶ 9; Docket No. 31 (Case No. 2:10-01238-BB).

## IV.    STATEMENT OF THE STANDARD OF REVIEW

A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed *de novo*.  *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1120 (9th Cir. 2007).   A FRCP 12(b)(6) dismissal is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Department*, 901 F.3d 696, 699 (9th Cir. 1990). Conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss.  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

Although a complaint attacked by a FRCP 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.   *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Id*.  However, "[a] district court should grant a motion to dismiss if

plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.' " *Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir.2008), quoting Be*ll Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007). " 'Factual allegations must be enough to raise a right to relief above the speculative level.' " *Id*. Moreover, dismissal of a claim under Rule 12(b)(6) is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Additionally, dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory, yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). The court must construe a pro se plaintiff's pleadings liberally in determining whether a claim has been stated. *Ortez v. Washington County, State of Or*., 88 F.3d 804, 807 (9th Cir.1996); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987). However, legal conclusions need not be taken as true merely because they are cast in the

9

form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir .2003). Additionally, when ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706 (9th Cir.1988).

A trial court's decision must be affirmed if it can be supported on any ground, even one not relied upon by that court. *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000).

## V.   **SUMMARY OF ARGUMENT**

Appellant challenges the BAP's ruling affirming the Bankruptcy Court's dismissal of his TAAC for failure to state a claim against Appellees pursuant to FRCP 12(b)(6), and due to vagueness and uncertainty pursuant to FRCP 12(e) because: (1) he believes that neither Court gave him as a pro per plaintiff sufficiently wide latitude in construing his pleadings, and (2) the pleadings could be saved through amendment. Appellant's Opening Brief ("AOB"), pp. 6, 8.

Aside from the fact that his pleadings will be held to the same sufficiency standards as any other litigant's, he did receive "wide latitude" through the multiple opportunities he was given to redraft his complaint,

with identification on each reiteration what elements of the putative causes of action were missing or insufficient. Contrary to Appellant's contention, the Bankruptcy Court properly dismissed the TAAC without leave to amend because, by the time he filed his fourth version of his allegations, the Bankruptcy Court was convinced beyond doubt that he can prove no set of facts in support of the claim that would entitle him to relief. *Homedics, Inc. v. Valley Forge Ins. Co.,* 315 F. 3d 1135, 1138 (9th Cir. 2003); *Van Buskirk v. Cable News Network, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002). The Bankruptcy Court, after having initially dismissed the Complaint for failure to prosecute, set aside the dismissal and allowed Appellant to file his FAC, then after two subsequent deficient pleadings, allowed Appellant to amend further. The BAP's affirmance recognized the futility of a fifth opportunity to amend: Appellant identified no facts previously overlooked by the Bankruptcy Court or omitted from the TAAC that would render his claims viable. Indeed, the Bankruptcy Court specifically found in denying Appellant's motion for reconsideration that Appellant had not provided any newly discovered evidence, cited to any intervening changes to the law, or identified clear error in the decision dismissing the TAAC. ROA, p. 0001010.

In the demonstrated absence of error in affirming the Bankruptcy Court, the decision of the BAP should be affirmed.

## VI.  ARGUMENT

### A.  The Bankruptcy Court Granted Appellant Wide Latitude Before Dismissing the TAAC Without Leave to Amend

Appellant contends that the Bankruptcy Court did not give him sufficient latitude as a pro se litigant.  AOB, pp. 6-7.  However, such a claim is false as the Bankruptcy Court gave Appellant three opportunities to amend his adversarial complaint, but he either chose not to do so by re-pleading the same allegations, or failed to add sufficient facts to support his claims.  See Docket Nos., 1, 8, 27, and 31(Case No. 2:10-01238-BB).

While the Supreme Court has instructed the federal courts to liberally construe the "inartful pleading" of pro se litigants, the Supreme Court did not say that pro se litigants must be given indefinite opportunities to cure defective pleadings.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  On the contrary, pro se litigants, while held to a less stringent standard in preparing form pleadings than lawyers, must still submit pleadings from which a viable claim can be construed.  *Id*.

Here, Appellant has not pled any facts to support his claims.  Indeed, dismissal was proper, as the BAP affirmed, because "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." (*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Put otherwise, the TAAC lacks a cognizable legal theory and fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). Further, while the court must be certain that less drastic alternatives are available before dismissing a pro se complaint, there are simply no less drastic alternatives here as the Appellant has demonstrated in his four previous attempts. *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (1981). Despite those attempts, the allegations raised in the TAAC still give no factual basis for a cause of action against Appellees, nor has Appellant provided this Court or the BAP any new facts that would warrant allowing him to further amend his complaint.

Accordingly, as the instant TAAC fails to state a claim, and cannot be reasonably amended, Appellees respectfully request that the Court affirm both the Bankruptcy Court and BAP's rulings dismissing the matter with prejudice.

### B.    The TAAC Is Vague and Uncertain

The Bankruptcy Court correctly dismissed the TAAC and the BAP correctly affirmed the lower court's decision as the pleading is vague and unintelligible.  Instead of amending his complaint and clearly identifying the

13

basis for his claims, and despite having had four opportunities to remedy the identified deficiencies in his complaint, Appellant simply resubmitted the same vague and unintelligible pleading.

Entirely absent from the TAAC is any heading or other statement articulating what claims are asserted and against which defendants such claims are asserted. There are four (4) separate defendants named in the TAAC, yet none of the allegations in the TAAC is directed against a particular defendant. *See generally*, Docket No. 31 (Case No. 2:10-01238-BB). Appellant refers to only JPMorgan and BofA in the allegations of the first claim, but then seeks relief against all Appellees. *Id*. With respect to the remaining claims, Appellees are left to surmise which claim they must defend and what allegedly wrongful conduct they have engaged in. Appellant does not address these deficiencies in his Opening Brief, which were clearly the basis for the decisions of the courts below, nor does he state how he can amend his adversarial complaint any more than he has already to cure its blatant shortcomings.

Accordingly, as the TAAC remains hopelessly vague and unintelligible, the Bankruptcy Court correctly dismissed the TAAC and the BAP correctly affirmed this ruling.

14

C. **Because Appellant Never Pled an Ability to Tender, the Bankruptcy Court Properly Dismissed the Two Claims for Wrongful Foreclosure and to Set Aside the Trustee's Sale**

   1. **The Bankruptcy Court Correctly Recognized that Appellant's Claim for Wrongful Foreclosure or to Set Aside a Trustee's Sale Lacked Essential Pleading**

Additionally, the Bankruptcy Court did not err when it dismissed Appellant's claims for wrongful foreclosure or to set aside the trustee's sale because Appellant has not, and cannot, allege tender. Indeed, Appellant has not even addressed this issue in his Opening Brief, and instead relies on the sole argument that the Bankruptcy Court did not sufficiently indulge him.

A condition precedent to "any cause of action" arising from an alleged improper foreclosure is that the borrower must tender or offer to tender a sum sufficient to cure the default. *United States Cold Storage v. Great Western Savings & Loan Association*, 165 Cal.App.3d 1214 (1985). *Accord Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109 (1996); *Vega v. JPMorgan Chase Bank, N.A.*, 654 F.Supp.2d 1104, 1112 (E.D. Cal. 2009); *Pantoja v. Countrywide Home Loans Inc.*, 640 F.Supp.2d 1177, 1183-1185 (N.D. Cal. 2009). "Without an allegation of such tender in the complaint that attacks the validity of the sale, the complaint does not state a cause of action." Miller & Starr, Calif. Real Estate 4th ed. "Deeds of Trust", § 10:212, pg. 653-654. Based on the foregoing authorities, Appellant must

15

allege a tender of the full amount owed, made unconditionally in good faith, and Appellant must have the present ability to perform in order for the tender to be valid. *See Arnolds Management Corporation v. Eischen,* 158 Cal.App.3d 575, 578-579 (1984). Absent such a tender, the claim fails on its face and a Motion to Dismiss must be granted.

Despite having been advised of the deficiencies in his pleadings in successive orders of dismissal and the arguments raised by Appellees, Appellant's first and second causes of action for wrongful foreclosure and set-aside of the trustee's deed upon sale in the TAAC never included this threshold allegation, nor does Appellant represent in support of his argument that the TAAC can be further amended to make such an allegation. *See generally,* Docket Nos. 26, 30, 37 (Case No. 2:10-01238-BB).

As such, Appellant's claim that both the Bankruptcy Court and the BAP erred in dismissing the TAAC fails, as Appellant was given ample opportunity to include such an allegation in any of his amended adversarial complaints, or as further argument in his appeal to the BAP, or in his Appellant's Opening Brief, here. Additionally, and not to be overlooked, Appellant never asked for leave to amend in his opposition to Appellees' motion to dismiss the TAAC. Docket No. 37 (Case No. 2:10-01238-BB).

16

**2.**  **The Bankruptcy Court Correctly Ruled that Appellant's Second and Third Claims Independently Fail for Insufficiency of Pleading Under Twombly**

As already noted by the BAP, the Bankruptcy Court correctly found that there were simply no factual allegations to support Appellant's first and second claims.

In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007), the Supreme Court ruled that a plaintiff must allege sufficient factual allegations " to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 127 S.Ct. at 1959.

Additionally, under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,"

17

the complaint has not sufficiently established that the pleader is entitled to relief. *Id.* at 1950.

Here, the Appellant did not make any of the factual allegations necessary to support a claim for violation of California *Civil Code* § 2924 or to set aside trustee's sale. Instead, Appellant's second claim alleges that Appellees (Defendants), without differentiation or detail, failed to provide him proper notice of sale pursuant to California *Civil Code* § 2924. Docket No. 31 (Case No. 2:10-01238-BB); TAAC, ¶ 15. The third claim seeks to set aside the October 31, 2009 trustee sale, alleging that the note was improperly assigned to Appellees (Defendants), again without any specificity. Docket No. 31 (Case No. 2:10-01238-BB); TAAC, ¶¶ 18-22. However, the TAAC never goes beyond mere conclusory statements to indicate, for example, why Appellant contends that the Notice of Sale was improper, or why the assignment of the note was improper. Indeed, after four attempts, Appellant never added any factual allegations that would support his claims.

Moreover, non-judicial foreclosure sales are presumed valid under the common law, as long as all statutory requirements under California *Civil Code* § 2924 have been satisfied. *Brown v. Busch*, 313 P.2d 19, 21 (Cal. Ct. App. 1957); Cal. Civ. Code § 2924. "A properly conducted nonjudicial [sic]

18

foreclosure sale constitutes a final adjudication of the rights of the borrower and lender." *Moeller v. Lien*, 30 Cal. Rptr. 2d 777, 783 (1994). To overcome this presumption of validity, the borrower challenging a foreclosure sale must produce "substantial evidence of prejudicial procedural irregularity." *Melendrez v. D & I Investment, Inc.*, 26 Cal.Rptr.3d 413 (Ct. App. 2005).

In the instant matter, Appellant did not make any allegations reciting substantial evidence of prejudicial procedural irregularity other than the sole conclusory allegation that Appellees did not comply with the notice requirements of California Civil Code § 2924. *Id.*; *see also*, Docket No. 31 (Case No. 2:10-01238-BB); TAAC, ¶ 15. With no factual allegations identifying specific conduct by any of the Appellees in connection with the non-judicial foreclosure that violates any law or standard of conduct, the TAAC fails to state a claim. *Melendrez*, 26 Cal.Rptr.3d 413.

Accordingly, the Bankruptcy Court was compelled to dismiss the TAAC for insufficient pleading, and the BAP did not err in affirming this order.

### D. Appellant's Fraud Claim Is Facially Insufficient.

The Bankruptcy Court did not err when it dismissed Appellant's first claim for fraud as Appellant failed to allege any factual element of his fraud

claim with the prescribed specificity. *See Stansfield v. Starkey*, 220 Cal.App.3d 59, 73 (1990); Fed.Rule Civ.Pr. 9. The elements for fraud are: 1) a false representation of a material fact, 2) knowledge of the falsity (scienter), 3) intent to induce another into relying on the representation, 4) reliance on the representation, and 5) resulting damage. *Ach v. Finkelstein*, 264 Cal.App.2d 667, 674 (1968); 5 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997).

Additionally, Rule 9 of the Federal Rules of Civil Procedure ("FRCP") ("Rule 9") imposes the additional obligation on a plaintiff to "aver with particularity the circumstances constituting the fraud." *In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994). The *GlenFed* court interpreted Rule 9(b) to require allegations not only identifying the time, place and content of the alleged misrepresentation, but also the circumstances indicating false statements:

> [t]o allege fraud with particularity, a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation

> as to why the statement or omission complained of was
> false or misleading.

*Id*. at 1548.

Even under the most lenient of standards, Appellant did not come close to meeting the standards of pleading an action for fraud despite four opportunities to do so. Instead, on the fourth version of his adversarial complaint, Appellant makes a single conclusory allegation, *i.e.*, that Appellees "intentionally defrauded the plaintiff by making him believe that he had an agreement and a new loan in progress to pay off the existing first trust." Docket No. 31 (Case No. 2:10-01238-BB); TAAC, ¶ 10. Appellant does not allege the "who, what, when and where" of the alleged fraud, nor provide the content of the statement that creates his belief that he had an agreement for a modified loan. *Id*. There is no statement that would allow anyone to assess the reasonableness of the belief that he formed. *Id*. Additionally, Appellant never alleges how this conduct caused him any damages. *Id*. Appellant's failure to present any additional allegations at the trial court level, or to submit a proposed Fourth Amended Adversarial Complaint ("FAAC") that contained allegations with the necessary specificity with his appeals to either the BAP or here, supports Appellees' position that Appellant cannot support his fraud claim, and thus affirming

the dismissal is entirely proper.

## VII.  <u>CONCLUSION</u>

The Bankruptcy Court provided Appellant wide latitude in allowing him to amend his adversarial complaint not once, but three times.  Moreover, Appellant never provided the Bankruptcy Court, the BAP, nor this Court with any facts to show that he can amend his adversarial complaint further.  Accordingly, Appellees respectfully request that this Court affirm the decisions of the Bankruptcy Court and the BAP in their entirety.


Dated:  October 4, 2013          Respectfully submitted,

ALVARADOSMITH
A Professional Corporation


By:   /s/ T. Matthew Hansen
THEODORE E. BACON
T. MATTHEW HANSEN
Attorneys for Appellees,
BANK OF AMERICA, NATIONAL
ASSOCIATION, AS SUCCESSOR BY
MERGER TO LASALLE BANK N.A.
AS TRUSTEE FOR WMALT 2007-
0A5, ITS SUCCESSORS AND/OR
ASSIGNS, CALIFORNIA
RECONVEYANCY COMPANY,
JPMORGAN CHASE BANK, N.A.

## STATEMENT OF RELATED CASES

No other cases are related with this Court.

/s/ T. Matthew Hansen

3692181.1 -- AL109.W1513

## CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)(7)

I certify that Appellee's Opening Brief has been proportionately spaced using Times New Roman type and a typeface of 14 points. The total word count is 5,466.

/s/ T. Matthew Hansen

24